SARGENT *et al. v.* JENKINS *et al.*

(*Circuit Court, N. D. New York.* March 21, 1889.)

PATENTS FOR INVENTIONS—PATENTABILITY—ANTICIPATION—WASH-BOARD PRO-
TECTORS.

Letters patent No. 223,338, January 6, 1880, to John M. Gorham, describe
a protector for wash-boards, which yields to pressure and returns to its nor-
mal position automatically when the pressure is removed; the patentee stat-
ing that he is not to be confined to any particular form of device. *Held* not
anticipated by the protector of the Frike patent, which has not such yielding
or resilient function.

In Equity. On motion for preliminary injunction.

Bill by Sargent and others against Jenkins and others, to restrain
the infringement of letters patent No. 223,338, to John Gorham, Janu-
ary 6, 1880.

*William C. Witter* and *George H. Christy,* for complainants.

*E. N. Dickerson* and *J. Walter Douglass,* for defendants.

WALLACE, J. The wash-boards which the defendants are manufactur-
ing embody the invention specified in the first and second claims of the
patent to Gorham; and the motion for a preliminary injunction should be
granted, unless there is a serious question of the novelty of the subject-
matter of those claims. The essential feature of the wash-board of those
claims is a protector (to shield the operator from getting wet) which
yields to pressure, and returns to its normal position automatically when
the pressure is removed. In the second claim the spring is the device
which gives the elastic or resilient quality to the protector; but the pat-
entee states that he is not to be confined to any specific form of device,
and consequently the first claim should be interpreted broadly to include
any wash-board having a protector, whether with or without a spring,
which is so constructed as to bend or yield to pressure, and return when
the pressure is removed. If the patent to Frike describes a wash-board
having a protector that possesses this function, and yields to pressure,
and returns automatically on its pivot by gravity, the first claim is an-
ticipated; and, as the substitution of the spring for the weight would not
involve invention, the second claim would also be invalid. The protector
of the Frike patent, however, is not of that character. There is no sug-
gestion in the specification that it is to return to its position by gravity,
or by any instrumentality except by the hand of the operator. It is de-
signed exclusively for a wash-board having a double face, and is con-
structed so as to afford a broad surface to support the operator (and pro-
tect him from getting wet) until he desires to use the other side of the
wash-board, when, by tilting it over, he can transfer it for use upon
that side. It belongs to the second class of protectors referred to in Gor-
ham's patent as not embodying his invention. The Frike patent was
before the supreme court in the suit upon the complainants' patent
against Burgess, (9 Sup. Ct. Rep. 220,) and is referred to in the opin-

ion. In the opinion the court say that but for the yielding or resilient function of Gorham's protector it would be questionable whether his patent would be valid. It is fairly to be assumed that the supreme court did not consider the Frike patent an anticipation of either of the claims of the Gorham patent, and that the court were of the opinion that the patent to Gorham was a valid one. The motion for an injunction is granted.